(169 App. Div. 516)

### In re HAYES.

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

ATTORNEY AND CLIENT ⛛44—DISBARMENT—MISCONDUCT—EVIDENCE.

Where an attorney was at least guilty of conspiring with his client to invest money belonging to his client and another in a highly speculative enterprise without the other party's consent, if he did not actually misappropriate the fund, he should be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. ⛛44.]

Proceeding for the disbarment of William A. Hayes for professional misconduct. Respondent disbarred.

See, also, 165 App. Div. 908, 152 N. Y. Supp. 1117.

⛛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, SCOTT, and DOWLING, JJ.

Einar Chrystie, of New York City (Edward R. Finch, of New York City, of counsel), for petitioner.

William A. Hayes, of New York City, pro se.

PER CURIAM. The main charge against the respondent is that he received from one Adelaide C. Davidson a check for $38,541.05, the property of the said Davidson and her sister, Emma L. Charlick, with instructions to invest the same in a first mortgage on real property; that he agreed to so invest it, and represented that he had so invested it; that he did not do so, but, on the contrary, converted the same to his own use. The official referee, to whom the matter was referred, has reported that the respondent is guilty as charged. The evidence submitted with the report of the referee abundantly supports his finding.

It is conceded that respondent, as attorney for Mrs. Davidson and Mrs. Charlick, collected for their account and turned over to Mrs. Davidson a check for $38,541.05 on March 24, 1910, the same being the proceeds received from certain mortgages, less the costs of collection; that said check was drawn to the joint order of Mrs. Davidson and Mrs. Charlick; that Mrs. Davidson indorsed her own name thereon, and also, by direction of the respondent, indorsed the name of Mrs. Charlick, and returned the check to respondent, who deposited it to his own account in a trust company and used the money, save about $3,000, in a projected building operation in which respondent was jointly interested with one Russel. The building operation failed, and all the money invested in it by respondent was lost, and no part thereof was ever returned to Mrs. Davidson and Mrs. Charlick, or to either of them, or to any one for their account. In plain terms, the respondent, unless his explanation be accepted, stole the money of his clients intrusted to him for investment.

The explanation which he offers is that he invested the money in the building operation at the request and with the knowledge and consent of Mrs. Davidson, the one of the two owners of the fund with whom he dealt. This attempted explanation is demonstrably false, as is clearly shown by the careful analysis of the evidence by the official referee. But, even if everything the respondent says in his own behalf were to be accepted as true, he would still be guilty of grave professional misconduct. By his own story he knew that the money belonged to both Mrs. Davidson and Mrs. Charlick, and there is no pretense that Mrs. Charlick had ever authorized her sister to use the money in a speculative venture. Yet he would have us believe that he conspired with Mrs. Davidson to invest the money in a highly speculative and hazardous enterprise, without the knowledge of Mrs. Charlick, and further conspired with Mrs. Davidson to delude Mrs. Charlick into the belief that the money had been safely invested upon a bond and mortgage.

On August 10, 1910, respondent wrote a letter to Mrs. Davidson respecting the disposition of the property, stating that it had been in-

vested on a bond and mortgage executed by the Park Avenue Holding Company, and giving a detailed statement of the value of the property, the equity of the Holding Company in it, the capital and assets of the company, and the like. Nearly every statement contained in that letter was false. If it be taken at its face value, it clearly proves the respondent's guilt as to both of the owners of the fund. If it was written, as respondent alleges, to mislead Mrs. Charlick, and to conceal from her the disposition which her sister and the respondent had made of the fund, it conclusively convicts the respondent of an attempt to cheat at least one of his clients. Whichever way the letter be taken, the respondent is shown to be an unfit person to remain a member of an honorable and responsible profession. His offense is aggravated, as is unhappily too often the case in matters of this kind, by the wholesale perjury which he has committed in seeking to escape the consequences of his wrongdoing.

The respondent is disbarred.